FILED
 2014 Nov-05 PM 03:48
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DORIS PICKENS, on behalf of V.P.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 7:13-CV-1430-SLB** |
| ) | |
| **CAROLYN COLVIN, Commissioner** ) | |
| **of Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

On August 4, 2014, the Magistrate Judge entered a Report and Recommendation; thereafter, the parties were allowed therein fourteen days in which to file objections to the Report and Recommendation. (Doc. 12.) On August 18, 2014, the Commissioner an Objection to Magistrate Judge's Report and Recommendation, (doc. 13); the following day Ms. Perkins filed a Response to Defendant's Objections, (doc. 14). After careful consideration of the record in this case, the Report and Recommendation, the Commissioner Objection, and Ms. Perkins's Response, the court **OVERRULES IN PART** and **SUSTAINS IN PART** the Commissioner's Objection to Magistrate Judge's Report and Recommendation; the court **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his Recommendations that the decision of the Commissioner that V.P. is not entitled to Supplemental Security Income be reversed. However, the court **REJECTS** his Recommendation that this matter be remanded to the Commissioner for payment of benefits and finds that, on remand, the Commissioner shall consider all record evidence, including

evidence submitted by Ms. Perkins to the Appeals Council, to determine whether V.P. is entitled to benefits.

The court finds no error in the Magistrate Judge's finding that the Commissioner's decision is due to be reversed in light of the evidence submitted to the Appeals Council. However, the court may "remand the case for an entry of an order awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)(citing *Bowen v. Heckler*, 748 F.2d at 635-36). Findings as to "whether a claimant is disabled," including a finding that he meets or equals a Listing, is "reserved to the commissioner because [it is an] administrative finding[] that [is] dispositive of a case; i.e., that would direct the determination or decision of disability." *Tobler v. Colvin*, No. 2:13-CV-1095-TMP, 2014 WL 4187372, at *3 (N.D. Ala. Aug. 20, 2014)(quoting, *inter alia*, 20 C.F.R. § 416.927(d))(internal quotations omitted). The district court cannot "decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Id*. (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005))(internal quotations omitted). Only when no question at all exists as to the claimant's disability may the district court reverse and remand the decision to the Commissioner for an award of benefits. In all other cases, even cases where the district court would award benefits, the Commissioner must be allowed to decide the issue of disability in the first instance.

Therefore, "[i]f the Appeals Council merely perfunctorily adheres to the ALJ's decision," as in this case, "the Commissioner's findings are not supported by substantial evidence and [the court] must remand for a determination of the claimant's disability eligibility reached on the total record." *Flowers v. Commissioner of Social Security*, 441 Fed. Appx. 735, 745 (11th Cir. 2011)(quoting *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980))(internal quotations omitted).[1]  A separate order in conformity with this Memorandum Opinion reversing the Commissioner's decision and remanding this case for a determination of V.P.'s disability eligibility based on the entire record, including but not limited to evidence submitted to the Appeals Council, will be entered contemporaneously herewith.

**DONE** this 5th day of November, 2014.

*[signature: Sharon Lovelace Blackburn]*

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).